Robert MORGAN, Administrator d.b.n. of the Estate of Eva E. Orendo, Deceased, Robert Morgan, Administrator d.b.n. of the Estate of Joanne K. Orendo, Deceased, Robert Morgan, Administrator d.b.n. of the Estate of Frank Orendo, Jr., Deceased and Betty Morgan, Guardian of the Estate of Beverly Ann Orendo, a minor, Plaintiffs,

v.

Clayton R. FARNSWORTH, Administrator of the Estate of Annie Farnsworth, Deceased, Allen A. Woolley and Louis Slaybaugh, Defendants.

Civ. A. No. 30115.

United States District Court
E. D. Pennsylvania.

Jan. 3, 1962.

Donald F. Spang, David J. Batdorf, Reading, Pa., for plaintiffs.

Harry A. Short, Jr., Firm of John J. McDevitt, Philadelphia, Pa., for defendants.

WELSH, Senior Judge.

Plaintiffs, residents of Delaware, sued the defendants, Clayton R. Farnsworth, Administrator of the Estate of Annie Farnsworth, Deceased, a resident of Pennsylvania and Allen A. Woolley and Louis Slaybaugh, residents of Indiana, for damages resulting from an automobile accident which occurred in Pennsylvania.

Service upon the defendants, Woolley and Slaybaugh, was made pursuant to the provisions of the Pennsylvania nonresident motorist statute.[1]

Said defendants have filed a motion to dismiss contending that venue is lacking since the Federal Statute provides that: "A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside."[2]

This action is based solely on diversity of citizenship and the foregoing Federal Statute is applicable. Obviously, as the plaintiffs reside in Delaware and two of the three defendants reside in Indiana, the action here in the Eastern District of Pennsylvania was not brought where all the plaintiffs or all the defendants reside. The sole question then is: Did Woolley, an Indiana resident, by driving the tractor-trailer in Pennsylvania, and Slay-

1. Pa.Stat.Ann. title 75, § 1201, Purdon.

2. 28 U.S.C. § 1391(a).

baugh, also an Indiana resident, by owning the said tractor-trailer, and thereby making the Secretary of Revenue of the Commonwealth of Pennsylvania their agent for the service of process in this action in accordance with the provisions of the Pennsylvania nonresident motorist statute, consent to be sued in this action in the Eastern District of Pennsylvania where the accident in question occurred?

In McCoy v. Silver, 205 F.2d 498, the United States Court of Appeals for the Third Circuit had the precise question before it and answered same in the negative. Judge Goodrich speaking for the majority stated: " * * * We think that when a motorist comes into a state and has an accident and is brought into court to defend himself from the consequence of that accident he does not consent to anything. He is in the state's court because the state has power to bring him there following his use of the state's highways. It seems to us unreal to say that he has 'waived' the provision of a federal statute which gives him the privilege of being sued in certain places only. It seems to us a fictitious and illogical jump to reach such a conclusion."

Having found that the action brought in this Court is not where all the plaintiffs or all the defendants reside and having found that defendants, Woolley and Slaybaugh, did not consent to be sued in this Court, it follows that the motion of the defendants, Woolley and Slaybaugh, to dismiss for improper venue has merit, and accordingly we will dismiss the complaint as to said defendants.[3] However, we will not disturb the complaint insofar as it relates to the defendant, Clayton R. Farnsworth, Administrator of the Estate of Annie Farnsworth, Deceased, who resides in the Eastern District of Pennsylvania for the reason that this action so far as he is concerned was brought in the district where he resides.

Motion granted.

---

3. Plaintiffs are not too seriously prejudiced as a result of the dismissal of their action against Woolley and Slaybaugh. For, the two-year statute of limitations applicable to the instant personal injury claim and death claims under the Survival Statutes has not expired, and, therefore, an action on these claims can be instituted in the appropriate state court. The death claims under the Wrongful Death Statutes are barred, however, since the applicable one-year statute of limitations has expired. This latter fact should not seriously prejudice these claimants, for, since the three decedents were a mother and two children, it would appear that the damages resulting from their deaths would to a great extent be attributable to the actions based on the Survival Statutes.